IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ERIC MILLMAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:14-cv-05073-MDH |
| PROVIDENT LIFE & ACCIDENT INSURANCE CO. and UNUM GROUP CORPORATION, | ) |
| Defendants. | ) |

## ORDER

Defendants have filed their Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 10) which seeks to state a cause of action for bad faith. The Court, after full and careful consideration of the issues raised by the motion and analysis of the legal arguments and suggestions provided by the parties concerning the motion, hereby sustains Defendants' Motion to Dismiss Count III of Plaintiff's Complaint.

Plaintiff's cause of action arises out of a disability policy from Provident and Unum issued to Plaintiff, Dr. Eric Millman. Count I of Plaintiff's Complaint states a cause of action for breach of contract and Count II a cause of action for vexatious refusal to pay pursuant to RSMo. 375.420.

Count III of Plaintiff's Complaint must be dismissed, however, because Missouri has not yet recognized a cause of action for bad faith, sometimes referred to as a breach of covenant of good faith and fair dealing, arising out of a first-party insurance contract. The Supreme Court of Missouri has had the opportunity to adopt such a common law cause of action, but has declined

to do so. In fact, in *Overcast v. Billings Mutual Insurance Company*, 22 S.W.3d 62 (Mo. 2000), Judge Wolf, writing for the Court, expresses approval of four Missouri Court of Appeals decisions holding no action for breach of duty of good faith and fair dealing exists in common law in first-party insurance contract disputes. The opinion reads:

> "The four court of appeal decisions—*Duncan, Halford, Meeker* and *Shafer*—**correctly** hold that an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate a claim for vexatious refusal to pay." (emphasis added)

A more recent decision from the Missouri Court of Appeals Southern District decided after *Overcast* follows the reasoning of the previous Court of Appeals decisions. Noting the fiduciary relationship necessary to support a claim for breach of the duty of good faith and covenant of fair dealing is "notably absent in claims by an insured against an insurer under policies of property and related types of insurance." *Pool v. Farm Bureau Town & Country Insurance Company of Missouri*, 311 S.W.3d at 907.

Missouri common law does not recognize a cause of action for breach of duty of good faith and fair dealing (i.e. bad faith) arising out of dispute over coverage or payment of benefits under a first-party insurance contract. Defendants' Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 10) is **GRANTED**.

    **IT IS SO ORDERED**.

DATED:    July 25, 2014

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**