# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ERIC MILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-05073-MDH |
| | ) | |
| PROVIDENT LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY and UNUM | ) | |
| GROUP CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion in Limine (Doc. 70). After full and careful consideration, the Court hereby **DENIES** Defendants' motion.

## I. BACKGROUND

This case involves claims for breach of contract and vexatious refusal to pay stemming from Defendants' denial of disability benefits to Plaintiff under a policy of disability insurance. The record shows that Plaintiff filed a disability claim with Defendants in May of 2012 and alleged disability beginning in December of 2011. Defendants rendered a decision initially denying Plaintiff's disability claim. Plaintiff appealed that decision and, on October 22, 2013, Defendants issued a final decision that upheld the denial of benefits. Plaintiff commenced suit on April 28, 2014. Defendants now move the Court for an order precluding Plaintiff "from offering evidence at trial regarding Defendants' conduct or Plaintiff's alleged disability after October 22, 2013, the date of Defendants' final denial of Plaintiff's disability claim."[1]

---

[1] Defendants' motion does not seek to exclude evidence that existed *at the time* of final claim denial but that was allegedly not available or not provided to Defendants. *See* Defs' Sugg. in Supp. Mot. in Limine, 6 at n. 1.

## II. ARGUMENTS

Defendants argue that any evidence regarding Plaintiff's disability and Defendants' conduct after October 22, 2013 is irrelevant to Plaintiff's claims because: (1) the events that occurred subsequent to final claim denial do not bear on whether Plaintiff was disabled *at the time of final claim denial*, which is the time of the alleged breach; (2) to the extent Plaintiff seeks to introduce post-denial evidence to demonstrate that he became disabled *after final claim denial*, Plaintiff may not pursue that argument in this litigation because the policy prohibits suit until 60 days after proof of loss is filed (i.e. Plaintiff must file a new claim with Defendants and wait 60 days until after he provides proof of loss for that subsequent time period before filing suit);[2] and (3) Plaintiff's vexatious refusal to pay claim depends on facts as they would appear to a reasonable person at the time of Defendants' final claim denial and, therefore any evidence that subsequently developed and was provided to Defendants through this litigation should not be considered. Defendants argue the admission of post-denial evidence would improperly extend the insurance claims process to encompass subsequent litigation and would confuse the jury.

Plaintiff argues, conversely, that post-denial evidence should be admitted because Plaintiff's ongoing disability up to the time of trial is relevant to Plaintiff's breach of contract claim and Defendants' continued refusal to pay benefits after suit commenced is relevant to Plaintiff's vexatious refusal claim. Plaintiff states these matters are "directly at issue in this case." As to Plaintiff's ongoing disability, Plaintiff argues such evidence is relevant because: (1) the policy provides monthly benefits, for life, for the time period during which Plaintiff suffers a

---

[2] Defendants acknowledge that Plaintiff's ongoing disability through the time of trial could be relevant to the issue of damages if Plaintiff is found to have been disabled at the time of final claim denial; however, Defendants argue that "this is separate and apart from the merits issue of whether a breach actually occurred and may not be an issue at all if Defendants were to stipulate that, *if* Plaintiff if found to have been disabled at the time of the final claim denial, his condition(s) would entitle him to disability benefits through the time of the verdict." *See* Defs' Sugg. in Supp. Mot. in Limine, 10-11 at n. 3.

2

Case 3:14-cv-05073-MDH   Document 76   Filed 09/17/15   Page 2 of 7

total work disability and, therefore, the jury must decide whether Plaintiff is disabled through the date of trial; and (2) evidence of Plaintiff's ongoing medical treatment is relevant to the issue of Plaintiff's disability at the time of claims denial because Plaintiff's disability "has continued to get worse" and "he has received additional medication treatment which has confirmed the disabling conditions from which he suffered at the time of claim denial." Plaintiff further argues that evidence related to Defendants' post-denial conduct is admissible because, under Missouri law, an insurer's conduct in refusing/delaying payment is not necessarily confined to the insurer's actions prior to filing suit; rather, an insurer can be liable for vexatious refusal where the insurer persists in its refusal to pay after it becomes aware that it has no meritorious defense, which is what Plaintiff alleges happened in this case.[3]

## III.  DISCUSSION

### A.  Post-Denial Evidence of Plaintiff's Disability

The Court finds evidence related to Plaintiff's ongoing disability is admissible only for the purpose of calculating damages on Plaintiff's breach of contract claim. It is inadmissible under Federal Rule of Evidence 402 and/or 403 for the other purposes cited by Plaintiff.

Evidence concerning Plaintiff's disability status that was submitted after October 22, 2013 is not relevant to whether Defendants breached the parties' contract on October 22, 2013[4] when it found Plaintiff not disabled for the period from December 2011 to October 22, 2013.

---

[3] Plaintiff's argument for vexatious refusal is, in part, premised on Defendants' alleged failure to review "many of the records that demonstrate Dr. Millman's disability." Plaintiff states that "much of this evidence was available to [Defendants] at the time [of denial], though they chose not to obtain it, even when Dr. Millman advised of the information and advised he would obtain it for them." Plaintiff further states that "defendants now have possession of the information, which has been provided to them during this litigation, and they are required to evaluate it." Plaintiff argues "defendants cannot plead ignorance to the information it has, while it remains duty-bound (in this case) to fairly evaluate Millman's claim." *See* Pl.'s Sugg. in Opp. Mot. in Limine, 6.

[4] Plaintiff's continuing breach argument is unpersuasive. Plaintiff argues that "[e]ach time defendant UNUM fails to pay him monthly benefits based on his total work disability, it breaches that contract." *See* Pl.'s Sugg. in Opp. Mot. in Limine, 11-12. Plaintiff cites no Missouri case that applies this theory and several federal appellate courts have rejected the same or similar arguments in the context of disability insurance. *See generally Curry v. Trustmark Ins. Co.*, 600 F. App'x 877, 881 (4th Cir. 2015) (citing Ninth, Tenth, and Eleventh Circuit cases).

3

Defendants made their final claim decision based on proof of loss that was provided to Defendants as of October 22, 2013. To the extent that Plaintiff wishes to provide additional evidence of proof of loss for the period from December 2011 to October 22, 2013 (e.g. retrospective diagnoses or other evidence not previously provided), Plaintiff is required under the policy to first submit that evidence to Defendants prior to filing suit; the insurance contract states "[y]ou may not start a legal action to recover on this policy within 60 days after you give us required proof of loss." Here, Plaintiff did not provide Defendants the post-denial evidence at issue in this motion until after Plaintiff filed suit. Therefore, the Court finds that such evidence is not relevant to whether Defendants breached the contract because Defendants had no ability at the time or later duty to consider such evidence. *See* Fed. R. Evid. 401-402. Moreover, to the extent that Plaintiff seeks to provide post-denial evidence as proof of loss for the time period after October 22, 2013, that later time period is not related to the alleged breach in this case and, except as discussed below, the probative value of such evidence would be outweighed by the danger of confusion of the issues under Fed. R. Evid. 403.[5]

Nonetheless, the post-denial evidence of Plaintiff's ongoing disability is relevant to damages on Plaintiff's breach of contract claim. In a breach of contract action, the insured may recover disability payments owed through the time of trial. *See generally Smith ex rel. Stephan v. AF & L Ins. Co.*, 147 S.W.3d 767, 779 (Mo. Ct. App. 2004). Because Plaintiff is entitled to

---

[5] Plaintiff cites three cases for the proposition that a claimant's ongoing medical treatment and disability is admissible on the issue of one's disability at the time of claim denial. All three cases are social security cases and hold that "[r]etrospective medical diagnoses constitute relevant evidence concerning the degree of disability prior to expiration of the insured period." *See List v. Alfel*, 169 F.3d 1148, 1149 (8th Cir. 1998); *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984); *Schultze v. Astrue*, 694 F. Supp.2d 1030, 1037 (E.D. Mo. 2010). Plaintiff cites no case that applies this rule to a breach a contract action concerning private disability insurance. Moreover, in social security cases, the court may *remand* a case to the Commissioner for the Commissioner to consider new evidence not previously submitted where "the new evidence pertain[s] to the time period for which benefits are sought, and [it does] not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). "Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits." *Id.*

4

monthly disability payments under the policy only for months that he suffers a total work disability, to recover benefits through the date of trial, Plaintiff must show that his total work disability began prior to final claim denial and continued through the date of trial. Both parties agree that Plaintiff's ongoing disability is relevant to damages.[6]

### B. Post-Denial Evidence of Defendants' Conduct

Under Missouri law, whether or not an insurance company's refusal to pay is considered vexatious depends on "how willful and unreasonable the insurer's refusal was as the facts appeared to a reasonable and prudent person at the time the insurer was asked for coverage." *Wunsch v. Sun Life Assur. Co. of Canada*, 92 S.W.3d 146, 154 (Mo. Ct. App. 2002) (quoting string of cases). Thus, the relevant time period for a vexatious refusal claim is "the time the insurer was asked for coverage." *See id.*; *see also Tauvar v. Am. Family Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. Ct. App. 2008) ("[T]he issue of whether a refusal was vexatious must be based on the 'facts as presented at the time the insurer was asked to pay under the insurance policy.'"); *Russell v. Farmers & Merchants Ins. Co.*, 834 S.W.2d 209, 221 (Mo. Ct. App. 1992) ("Thus, whether a refusal to pay is vexatious or not must be determined by the situation as presented to the insurer at the time it was called on to pay.").[7]

Missouri law further states that an insurance company "that persists in its refusal to pay after becoming aware that it has no meritorious defense is subject to penalty for vexatious

---

[6] In the event that the parties stipulate, as suggested by Defendants, that "*if* Plaintiff is found to have been disabled at the time of final claim denial, [then] his condition(s) would entitle him to disability benefits through the time of the verdict[,]" then the evidence related to Plaintiff's ongoing disability would likely be excluded under Fed. R. Evid. 403 because the minimal probative value of such evidence would be outweighed by the danger of confusion of the issues.

[7] As noted in *Russell*, the case law often states that "the insured must show that the insurer's refusal to pay the loss was willful and without reasonable cause, as the facts would appear to a reasonable and prudent person *before trial*" (emphasis added); however, as explained in *Russell*, "[t]he phrase *before trial* . . . is significant because the fact that the trial judgment is adverse to the insurer's contention is not sufficient reason to impose the statutory penalty." 834 S.W.2d at 221. *Russell* went on to clarify that "whether a refusal to pay is vexatious or not must be determined by the situation as presented to the insurer at the time it was called on to pay." *Id.*

5

refusal." *Russell*, 834 S.W.2d at 221; *see also Wunsch*, 92 S.W.3d at 154; *Hopkins v. Am. Econ. Ins. Co.*, 896 S.W.2d 933, 939 (Mo. Ct. App. 1995). In accordance with such, the Supreme Court of Missouri has considered an insurance company's actions in defending litigation and refusing to timely settle the litigation as evidence of bad faith refusal to pay where the insurance company was advised by its attorney prior to commencement of the lawsuit that the insured was entitled to coverage. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 458 (Mo. 2006). The case law makes clear, however, that "[i]f there is an open question of fact or law determinative of the insurer's liability, the insurer, acting in good faith, may insist upon a judicial determination of such questions without being penalized." *See Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 76 (Mo. Ct. App. 1995); *see also Macheca Transp. v. Philadelphia Indem. Ins. Co.*, 649 F.3d 661, 674 (8th Cir. 2011). Moreover, once suit is filed, "[t]he [insurer] has the right to defend an action with all the weapons at its command so long as it has *reasonable* grounds to believe its defense is meritorious." *See id.* at 78 (emphasis added). "Again, the issue is one of reasonableness." *Wunsch*, 92 S.W.3d 154.

Based on the foregoing and considering Plaintiff's allegations, the Court cannot say at this time that Defendants' post-denial conduct is necessarily inadmissible. Such evidence is relevant to Plaintiff's vexatious refusal to pay claim because Defendants' post-denial conduct may show Defendants persisted in an unmeritorious defense. *See* Fed. R. Evid. 401.[8] Defendants provided no persuasive basis to exclude such relevant evidence. *See* Fed R. Evid.

---

[8] For example, if, as Plaintiff alleges: (1) Defendants had an obligation to review the documents allegedly proffered by Plaintiff and/or to do a reasonable investigation into Plaintiff's claim, (2) Defendants knew or learned through discovery that its employees, in fact, did not review the proffered documentation and/or did not do an appropriate investigation before denying Plaintiff's claim, and (3) Defendants continued to advocate its position even though that position was no longer meritorious in light of the facts known to Defendants, the Defendants' post-denial conduct would show Defendants persisted in an unmeritorious defense. Similarly, if Defendants were unequivocally advised that Plaintiff was entitled to benefits and continued to defend the action, as in *Dhyne*, Defendants' post-denial actions would tend to show Defendants lacked a reasonable basis for a meritorious defense. *See generally Hopkins v. Am. Econ. Ins. Co.*, 896 S.W.2d 933, 941-43 (Mo. Ct. App. 1995) (collecting and summarizing cases).

6

402-403. To the extent that Defendants believe the evidence shows their denial/post-denial conduct was reasonable as a matter of law, Defendants may move for summary judgment. *See generally Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 109 (Mo. Ct. App. 2004).

## IV. DECISION

Based on the foregoing, Defendants' Motion in Limine (Doc. 70) is hereby **DENIED.** The parties are reminded that this ruling is interlocutory. *See Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) ("Where a trial judge reserves the right to change her pretrial ruling or guidance on an evidentiary issue during trial, the pretrial ruling is unappealable."). The parties are encouraged to reassert their objections at trial if they deem it appropriate to do so. *Id.* ("Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial.").

**IT IS SO ORDERED.**

Date:   September 17, 2015         */s/ Douglas Harpool*
 **DOUGLAS HARPOOL**
 **UNITED STATES DISTRICT JUDGE**